[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REMAND
Procedural History
In Levine v. Massey, 232 Conn. 272 (1995), the Connecticut Supreme Court reversed the judgment of the trial court (Booth, J.) in favor of defendant James Massey and remanded this case with direction that the trial court "render judgment for the plaintiffs on the first count of the complaint, and for appropriate orders on the plaintiffs' specific prayers for relief." Levine,232 Conn. at 283.
The trial court recognizes that ordinarily a court is prohibited by statute from considering a matter in which a trial judge has been reversed. The court pointed this fact out to counsel both in a preargument chambers conference and on the record. All counsel expressed the opinion that they would rather have the matter heard by the trial judge. Each counsel on behalf of his or her client specifically waived any objection they had to this court hearing the case on remand.
The Remand
In remanding the case the Supreme Court held:
"Remanded with direction to render judgment CT Page 4793 for the plaintiffs on the first count of the complaint, and for appropriate orders on the plaintiffs' specific prayers for relief."
The plaintiffs' complaint included five specific prayers for relief in the first count. Those claims were:
1. an accounting;
2. damages;
3. interest and costs;
 4. an order determining the allocation of future royalty payments between the parties; and
 5. such other relief in law or equity as the court may deem proper.
Facts On Remand
Although the defendant Massey did not stipulate to the facts, the only evidence before the court would indicate that the amount of royalties paid to Massey, which under the contract should have been paid to Levine and Wardlaw, is $865,525 as of May 8, 1995. The evidence also indicates that interest on the money withheld calculated until May 8 would be $153,249 and that the per diem thereafter would be in the amount of $279.39 per day.
Plaintiff filed a bill of cost under § 52-257 of the Connecticut General Statutes. The costs are as follows:
 1. filing fee $ 200.00 2. process service fee 235.33 3. process service fee 144.20 4. process service fee 154.60 5. filing fee for appeal to the Supreme Court 300.00 6. process service fee 26.80 7. cost of deposition transcript of Massey 1,357.86 8. cost of deposition transcript of plaintiff expert witness Burt Mulholland 1,141.00 9. cost of trial transcripts 5,388.10 CT Page 4794 --------- Total $8,947.89
At the hearing on remand these costs were not disputed.
Defendants' Argument On Entitlement
Following the Supreme Court decision in this matter, the defendant filed a motion for reargument or reconsideration pursuant to Practice Book § 4121. That motion, dated March 3, 1995, requested the Supreme Court, in the event that reargument or reconsideration was denied, to modify its order of remand so that the trial court could consider the following:
 "1. To afford the trial court an opportunity to consider the effect of the defendants' independent right to receive royalties upon the Autoreader patent by virtue of his unrestricted ownership interest in the Manual Reader patent; and
 2. that the trial court be directed to make findings as to whether any claim of the four patents which the Supreme Court determined to comprise the basic invention dominates the Autoreader patent."
The Supreme Court refused to allow reargument or reconsideration and took no action which can be fairly said to modify its remand in any manner.
The defendant on remand made essentially the same argument to the trial court that it had asked the Supreme Court to order. Simply stated, the defendant had claimed contractual rights to certain patent royalties. The trial court agreed with the defendant but the Supreme Court reversed and remanded. The defendant now attempts to claim rights to the same royalties, or at least a portion of the same royalties, on a theory related to patent ownership and patent dominance which the defendant claims is outside of the scope of the contractual argument. It does not appear to the trial court that there was any separate claim setting forth this theory before the trial court at the time of trial. Neither does it appear that the claim was made by way of special defense. While the trial court recognizes that the remand contained a direction to enter "appropriate orders", it does not CT Page 4795 appear to this court that "appropriate orders" are so broad as to allow the court to consider the defendants' claim of entitlement on a patent law or dominance theory. Whether or not the defendant could raise these arguments in a separate law suit, which undoubtedly would raise questions of res judicata and claims precluded, is not before this court. The court holds that these arguments may not properly be raised before it on remand.
Interest
The plaintiff appears to claim interest under two theories which are somewhat merged in the plaintiffs' argument. Clearly General Statute § 37-3a provides in pertinent part that "interest at the rate of 10 percent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the retention of money after it becomes payable."
The plaintiff appears to further argue that under the last sentence of paragraph 4 of the agreement of the parties which the court interpreted there was a contractual entitlement to interest. That paragraph read:
 "The calculation for such payment. [from the [non-inventor to the inventor] will be made to the end that the inventor shall be made whole
as though he had licensed his improvement or letters patent individually to Becton Dickinson Company." [emphasis added.]
The plaintiff argues that the "made whole" language is the legal equivalent of a contractual entitlement to interest. The court finds that the contract language does not support this claim. It is the court's holding that the plaintiffs' entitlement to interest, if it exists, must be founded in General Statute § 37-3a. The Supreme Court has held:
 "General Statute § 37-3a allows for the recovery of interest in civil actions `as damages for the detention of money after it becomes payable . . .' we have construed the statute to make the allowance of interest depend upon `whether the detention of the money is or is not wrongful under the circumstances' Cecio Brothers Inc. v. Feldmann, 161 Conn. 265, 275, 287 A.2d 374
CT Page 4796 (1971) the allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter laying within the discretion of the trial court."
Newington v. General Sanitation Services Co., 196 Conn. 81, 90
(1985).
It is the opinion of this court that there has been no wrongful detention of money and the court declines to exercise its discretion to award pre-judgment interest.
Order Against Becton Dickinson
The plaintiff has asked for an order directed to Becton Dickinson ordering it to pay money directly to the plaintiffs. Becton Dickinson was not a defendant in the first count before the trial court. Becton Dickinson was a defendant in an interpleader count but the trial court found that interpleader was not appropriate and that finding was not appealed. Accordingly, the court does not believe that a remand of the first count confers jurisdiction for an order running directly against Becton Dickinson.
Judgment of The Court
Having considered the arguments of the parties and the remand of the Supreme Court, the court issues the following order:
The plaintiffs Robert A. Levine and Steven C. Wardlaw and defendant James V. Massey, III having appealed to the Supreme Court of Connecticut from the judgment entered on this cause on the 31st day of March, 1994, and said Supreme Court having issued its mandate dated February 21, 1995, wherein it was ordered, adjudged and decreed that such judgment be reversed and remanded with direction to render judgment for the plaintiffs on the first count of the complaint, and for appropriate orders on the plaintiffs' specific prayers for relief; now upon the mandate of the Supreme Court of Connecticut, dated the 21st day of February, 1995.
It is ordered, adjudged and decreed that the judgment of this court entered March 21, 1994 be and hereby is vacated and set aside; and that judgment be entered that the plaintiffs Robert A. Levine and Steven C. Wardlaw recover of the defendant James V. Massey, III, the sum of $865,525, and that the plaintiffs have CT Page 4797 execution therefore twenty one days from the date of this judgment.
It is further ordered, adjudged and decreed that the defendant James V. Massey, III immediately direct Becton Dickinson Company to discontinue paying any future royalties to James V. Massey, III on Autoreader and fibrinogen inventions. Further that the said James V. Massey, III direct that royalties on these products shall hereafter be divided evenly between Robert A. Levine and Steven C. Wardlaw and paid only to them.
It is further ordered, adjudged and decreed that James V. Massey, III shall pay to Robert A. Levine and Steven C. Wardlaw costs in the amount of $8,947.89 and further that the said Massey shall pay to the said Levine and Wardlaw interest at the rate of 10 percent per anum on any portion of said judgment, including the whole thereof, which is unpaid on or after twenty one days from the date hereof.
The court by,
Kevin E. Booth, Judge